## SOUTHERN RAILWAY COMPANY *v.* CLIFT.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 107. Argued November 21, 1922.—Decided December 4, 1922.

1. A law declaring that "either party" may file a petition ior rehearing within a stated time after judgment is not to be construed as referring to a successful party and does not defer the finality of the judgment for purposes of review by his adversary. P. 318.

2. A decision of a state court disposing of a federal question by following its decision on a former appeal as the law of the case. cannot be regarded as resting on the independent, non-federal ground of *res judicata.* P. 319.

3. A state law requiring railroads to pay or reject claims for loss or damage to freight within ninety days of their presentation, under penalty that, otherwise, the claims shall stand as liabilities due and payable in their full amounts and recoverable in any court of competent jurisdiction, does not violate the due process clause of the Fourteenth Amendment. P. 320.

131 N. E. 4, affirmed.

ERROR to a judgment of the Supreme Court of Indiana, affirming a judgment for damages in an action by Clift against the Railway Company.

*Mr. John D. Welman,* with whom *Mr. L. E. Jeffries, Mr. Alexander Pope Humphrey, Mr. Edward P. Humphrey* and *Mr. Lucius C. Embree* were on the brief, for plaintiff in error.

While it may be competent for a State, in the exercise of police power, to require a carrier to pay a shipper who has established in a court of justice his claim as demanded, a sum additional to such claim by way of double damages or attorney's fees, *Atchison, Topeka & Santa Fe Ry. Co.* v. *Memphis,* 174 U. S. 96; *St. Louis, I. M. & S. Ry. Co.* v. *Wynne,* 224 U. S. 354; or, in order to enforce the prompt settlement of small claims, to require the carrier unsuccessfully resisting such claims, to pay a penalty in the nature of a fixed amount or an attorney's fee, *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217; *Kansas City Southern Ry. Co.* v. *Anderson,* 233 U. S. 326; *Missouri, K. & T. Ry. Co.* v. *Cade,* 233 U. S. 642; *Missouri, K. & T. Ry. Co.* v. *Harris,* 234 U. S. 412; yet, in all such cases the carrier must have had an opportunity to contest in a court of justice, (1) the validity of the claim; and (2) the amount demanded; and only in the event that the claimant suc-

ceeds in establishing (1) the justice of his claim; and (2) the amount as demanded by him prior to bringing suit, can the carrier be made liable for more than the court adjudges due on the claim. *Gulf, Colorado & Santa Fe Ry. Co. v. Ellis,* 165 U. S. 150; *St. Louis, I. M. & S. Ry. Co. v. Wynne,* 224 U. S. 354; *Chicago, M. & St. P. Ry. Co. v. Polt,* 232 U. S. 165; *Atchison, Topeka & Santa Fe Ry. Co. v. Vosburg,* 238 U. S. 56.

It is difficult to see how a litigant can receive the equal protection of the law when he is prohibited, simply on account of a failure to write a letter, from contesting the justice of a claim which has been presented to him, and from showing, even though the claim is just to a certain amount, it is not just to the extent claimed.

The statute of Indiana here involved makes the mere failure of a carrier to respond to a demand, conclusive as against the carrier, both as to the validity of the claim, and as to the amount demanded.

*Mr. Thomas Morton McDonald* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the Court.

The case is concerned with a statute of Indiana under which judgment was obtained against the Railway Company upon a claim for damage to property which it received for transportation within the State.

A motion is made by defendant in error to dismiss the writ of error, this Court, it is contended, being without jurisdiction. The grounds of the motion are specified as follows: (1) The judgment at the time the transcript was filed had not become final. (2) It did not decide any federal question.

To sustain the first ground, it is said, that under the law of the State, within sixty days after the termination of the case by the Supreme Court " either party may file a

petition for a rehearing." [Burns' Revision, 1914, § 704.]
From this it is deduced and contended that the successful
as well as the unsuccessful party in the action may file a
petition for rehearing and that until the expiration of the
time for the exercise of the right the judgment does not
become final. The contention is curious. Legal proce-
dure is a facility of rights and, rights achieved, its purpose
is done. A successful litigant does not need the delay
and provision of a rehearing. He has more efficient and
enduring relief. His affliction may be solaced by not en-
forcing the victory which is the cause of it. The conten-
tion of defendant in error is so obviously untenable that
further comment upon it would be the veriest supereroga-
tion.

In support of the second ground it is pointed out that
the judgment to which the writ of error is directed was
rendered on a second appeal and that the court decided
that the decision " on the first appeal is the law of the
case." It is hence asserted that it was *res judicata* and
precluded dispute, and that, therefore, the decision rested
upon an independent ground not involving a federal
question and broad enough to maintain the judgment.
For this *Northern Pacific R. R. Co.* v. *Ellis,* 144 U. S. 458,
464, is cited. That case does not determine this one. That
case was constrained by the law of the State; such con-
straint does not exist in the present case. The constitu-
tional question involved was considered and decided.
The prior ruling may have been followed as the law of the
case but there is a difference between such adherence and
*res judicata;* one directs discretion, the other supersedes
it and compels judgment. In other words, in one it is a
question of power, in the other of submission. *Reming-
ton* v. *Central Pacific R. R. Co.,* 198 U. S. 95, 99; *Mes-
senger* v. *Anderson,* 225 U. S. 436, 444. The court in the
present case, as we have said, considered the constitu-
tional question presented and decided against it, and to

review its decision is the purpose of this writ of error. The motion to dismiss is denied.

The merits of the case are concerned with the validity of a statute of the State of Indiana passed in 1911 [Acts 1911, c. 183] providing for the presentation of claims for loss or damage to freight transported wholly within the State.

A section of the act requires the claimant to present his claim within four months, and another section (3) prescribes the action and the time of action of the railroad company. It is as follows: "That every claim for loss of or damage to freight transported wholly between points within the State of Indiana may be presented to the agent of the carrier who issued the receipt or bill of lading therefor or to the freight agent or representative of such carrier at the point of destination, or to any freight agent of any carrier in whose possession such freight was when lost or damaged, and when so presented shall be paid or rejected by such carrier within ninety days therefrom, and if neither paid nor rejected in whole or in part within such time, such claim shall stand admitted as a liability due and payable to the full amount thereof against any such carrier, and may be recovered in any court having competent jurisdiction. . . ."

The assignments of error assail the quoted section as offensive to the Fourteenth Amendment of the Constitution of the United States, and in specification it is contended that the judgment of the court in sustaining the statute and in rendering judgment against the Company for the full amount of the claim presented, together with interest, upon the pleadings in the case, denied to the Company the right to defend the case on the merits as to the amount defendant in error was damaged and whether he was damaged at all.

The invocation of the Company is of the due process clause of the Fourteenth Amendment. It is admitted the

effect of the decisions of this Court is that the relation of carriers and shippers is " a relation so peculiar as to render valid a classification based upon it." If there may be class assignment, there may be class legislation. In other words, under the concession and the decisions that compel it, railroads have special characteristics and duties, and the legislation that is considerate of and appropriate to those characteristics and duties is due process of law. And this obviously. The service of a railroad is in the public interest; it is compulsory, and its purpose and duty are the transportation of persons and things promptly and safely, and the purpose and duty are fortified by responsibility for neglect of them or violation of them. And legislation may make an element of responsibility an early payment of loss or notification of controversy that responsibility may be enforced if it exist. In the legislation under review there is no impediment to investigation. Considering the facilities of the railroad company there is time for investigation and what can be discovered by it, and if controversy is resolved upon, the procedure of the law and the principles which direct the decisions of the law are available against the claim in whole or in part. Counsel is, therefore, in error, in the statement that the statute prohibits the railroad " from contesting the justice of a claim which has been presented to it, and from showing, even though the claim is justified to a certain amount, it is not just to the extent claimed."

The Company cites cases to sustain its contention that the statute of the State is unconstitutional. We do not review them because we consider that they are not analogous or pertinent. They were not concerned with the time of the presentation of claims simply and suit upon them, as in the Indiana statute. They were concerned with elements or conditions of liability in addition to the claims. Other cases which, in candor, the Company has cited oppose its contention. In *Seaboard Air Line Ry.* v.

45646°—23——21

*Seegers,* 207 U. S. 73, a statute of South Carolina was held valid imposing a penalty of fifty dollars on all common carriers for failure to adjust damage claims within forty days from the time of demand. The statute was considered as not one of the mere refusal to pay a claim nor was it decided to have that objection because a penalty of fifty dollars could be imposed in case of recovery in court. The penalty was considered a legal deterrent upon the carrier in refusing the settlement of just claims and as compensation for the trouble and expense of suit. In *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217, the penalty prescribed was decided to be a reasonable incentive for the prompt settlement, without suit, of just demands of a class admitting of special legislative treatment. To the same effect are *Kansas City Southern Ry. Co.* v. *Anderson,* 233 U. S. 325; *Missouri, Kansas & Texas Ry. Co.* v. *Cade,* 233 U. S. 642, and *Chicago & Northwestern Ry. Co.* v. *Nye Schneider Fowler Co., ante,* 35.

In attempting to minimize these cases or exclude them from authority it seems to be contended, certainly implied, that by the statute, in case of suit by a claimant, he is excused from establishing his claim. The contention is untenable. The statute is clear and direct in its requirements. If the claim is just, there is no injustice in requiring its payment, if the claim is deemed by the company to be unjust, the statute requires a declaration of the fact by its rejection. Upon rejection, suit, of course, must be brought for it and it must be established. No penalty is imposed for its rejection nor increase of its amount in consequence of rejection.

*Judgment affirmed.*