**Lyndell WILSON, Plaintiff,**

**v.**

**The OHIO RIVER COMPANY, a corporation, Defendant.**

**Civ. A. No. 1174.**

United States District Court
S. D. West Virginia,
at Huntington.
Dec. 11, 1964.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Charles F. Bagley, Jr., Huntington, W. Va. (Campbell, McNeer, Woods, Bagley & Emerson, Huntington, W. Va., on brief), Harold R. Schmidt, Pittsburgh, Pa. (Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa., on brief), for defendant.

CHRISTIE, District Judge:

This action was first commenced in the United States District Court for the Western District of Pennsylvania, at Pittsburgh, on June 12, 1962. Plaintiff sued in that court, pursuant to the Jones Act, 46 U.S.C.A. § 688, to recover for injuries sustained in a fall down a flight of stairs while employed as a maid aboard the defendant's vessel, M/V Bob Benner. Plaintiff also claimed for maintenance and cure under the admiralty laws.

Defendant filed a timely answer to the Complaint and at the same time filed a Motion for Change of Venue under 28 U.S.C.A. § 1404(a) with that court. On December 11, 1962, that court, speaking through Judge Rabe F. Marsh, D.C., 211 Supp. 666, granted defendant's Motion for Change of Venue and ordered the case transferred to the United States District Court for the Southern District of West Virginia. Therefore, on December 21, 1962, the plaintiff filed a Motion before Judge Marsh to vacate, open or modify his opinion and order transferring the case. While that motion was still pending the plaintiff, on January 7, 1963, filed an action against the defendant in the Common Pleas Court of Allegheny County, Pennsylvania, based upon the same cause of action as was before the United States District Court in Pennsylvania. On February 4, 1963, plaintiff filed another motion before the Pennsylvania United States District Court, asking for leave to discontinue her action there without prejudice. On February 11, 1963, Judge Marsh denied both the Motion to vacate and the Motion to discontinue; his order in that regard being:

"And now, to-wit, this 11th day of February, 1963, after argument and upon due consideration of the parties' briefs, IT IS ORDERED that plaintiff's motion to vacate the order of transfer to the United States Dis-

trict Court for the Southern District of West Virginia sitting at Huntington, West Virginia, filed on December 14, 1962, be and the same hereby is denied, and IT IS FURTHER ORDERED that plaintiff's subsequent motion for leave to discontinue the action without prejudice be and the same is hereby denied."

Plaintiff then petitioned to the United States Court of Appeals for the Third Circuit for a writ of mandamus directing Judge Marsh to vacate his order denying plaintiff's *motion* for leave to discontinue her action, without prejudice, and also for a writ of prohibition against the Clerk of the Court for that district, restraining the transfer of the record to the District Court for the Southern District of West Virginia. On February 19, 1963, the Third Circuit Court of Appeals denied both writs.

██ On March 18, 1963, the original record and all pertinent papers were received here by this court. Plaintiff then, on April 18, 1963, filed a Motion for leave to discontinue her action, without prejudice, but this time, before this court. In considering the motion made here by plaintiff for dismissal, without prejudice, this court must first establish whether Judge Marsh, in previously denying an identical motion before him, had jurisdiction to do so, since the case had already been transferred to this court. It is the general rule that once a motion to transfer has been granted and the papers lodged with the transferee court, the transferor court loses all jurisdiction over the case. Drabik v. Murphy, 246 F.2d 408 (2d Cir. 1957); Wright on Federal Courts, at page 143 (1963). Therefore, before a transferring court loses jurisdiction of a case two conditions must be met, (1) an order of transfer or change of venue must be granted and (2) the papers or record must be actually lodged with the transferee court. Here, the first condition was met but the second was not. While the denial of plaintiff's Motion to dismiss was made by Judge Marsh on February 11, 1963, the record was not actually transferred to this court until March 18, 1963, over a month later. During this interim, however, Judge Marsh did not lose jurisdiction over the case. This is clearly stated in Fisher v. United Airlines, Inc., D.C., 218 F.Supp. 223 (S.D.N.Y. 1963),

"District Court does not lose jurisdiction until actual transfer of papers to another court pursuant to order granting motion to transfer action to another district court."

██ Therefore, being of the opinion that the Western District Court in Pennsylvania had jurisdiction to decide the motion for dismissal because the record was then still before it, notwithstanding the order of transfer, there remains the question of whether this court should now entertain the motion or consider itself bound by Judge Marsh's denial of plaintiff's motion for dismissal. To resolve this question, we must first look to the "law of the case" doctrine to determine whether it applies in a situation of this kind. Generally speaking, the "law of the case" doctrine applies to the principle that where there is an unreversed decision of a question of law or fact made during the course of litigation, such decision settles that question for all subsequent stages of the suit. United States v. Swift and Co., D.C., 189 F.Supp. 885 (N.D. Ill. E.D. 1960). This doctrine, however, is to be distinguished from *res judicata* in that it only directs discretion while *res judicata* compels judgment. Southern Railway Co. v. Clift, 260 U.S. 316, 43 S.Ct. 126, 67 L.Ed. 283 (1922). In short, "law of the case" only operates in the particular case and only as a rule of policy and not as one of law. Cf. 5 Am.Jur.2d, Appeal and Error, Sec. 744 (1962). A further distinction should be noted in applying the doctrine. For example, it has minimum force where there is involved a ruling of law, whereas it is given maximum effect where the court is acting in a discretionary capacity. Where a discretionary ruling is involved, it is regarded improper for a judge to entertain a motion where a like motion has been denied by another judge of coordinate authority in the same case.

The Material Service, D.C., 11 F.Supp. 1006 (N.D. Ill. E.D. 1934); Fried for the Use of the Berger Supply Co. v. Feola, D.C., 129 F.Supp. 699 (W.D. Pa. 1954); 132 A.L.R. 14 (1941).

Here, in this case, we have a motion for voluntary dismissal under Rule 41(a) (2) and the courts have overwhelmingly held that disposition of such motions is purely a matter of judicial discretion. Piedmont Interstate Fair Ass'n, v. Bean, 209 F.2d 942 (4th Cir. 1954); Adney v. Mississippi Lime Co., 241 F.2d 43 (7th Cir. 1957).

Therefore, Judge Marsh's ruling, being a discretionary one, before this court could entertain a like motion, there would have to be a showing of new or additional evidence or other compelling circumstances which would adversely affect plaintiff's rights. Sypert v. Bendix Aviation Corporation, D.C., 172 F.Supp. 480 (N.D. Ill. E.D. 1958). A review of the record reveals none. Neither has there been shown an abuse of discretion on Judge Marsh's part. In fact, the opinion of Judge Marsh, denying the motion to dismiss, is quite logical and reasonable. To quote from his opinion,

> "As for plaintiff's motion to dismiss without prejudice, it appears that after the order of transfer was filed, plaintiff brought a case on the same cause of action in the Court of Common Pleas of Allegheny County, Pennsylvania, on January 7, 1963, and now wishes to discontinue her federal action without prejudice. Having decided that for the convenience of parties, witnesses, and in the interest of justice, her case should have been brought in the Southern District of West Virginia, it can hardly be expected that this court, in the exercise of a sound discretion, would approve of this maneuver by granting plaintiff's subsequent motion."

So viewed, this court will refrain from entertaining plaintiff's motion for dismissal, but rather will accept Judge Marsh's decision, denying plaintiff's like motion for dismissal, as proper, and, as a matter of policy, will consider itself bound by that decision. Especially should this be done since his refusal to grant the motion to dismiss has already been upheld by the appellate court of his circuit.

Entertainment of motion is accordingly denied.