In re Johnnie Mae SMITH, Debtor.

Johnnie Mae SMITH, Plaintiff,

v.

COMMERCIAL BANKING CORPORA-
TION, and Buffalo Savings
Bank, Defendants.

Johnnie Mae SMITH, Plaintiff,

v.

COMMERCIAL BANKING
CORPORATION,
Defendant.

COMMERCIAL BANKING
CORPORATION,
Plaintiff,

v.

Johnnie Mae SMITH, and Samuel
Brodsky, Defendants.

Bankruptcy No. 81–04190G.
Adv. Nos. 81–1886G, 81–1666G
and 82–0465G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 24, 1983.

Hazel M. Mack, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff, Johnnie Mae Smith in Adversary Nos. 81–1886 and 81–1666, and the debtor/defendant, in Adversary No. 82–0465G.

Andrew N. Schwartz, Philadelphia, Pa., for defendant, Commercial Banking Corp. in Adversary Nos. 81–1886 and 81–1666 and plaintiff, Commercial Banking Corp. in Adversary No. 82–0465G.

John Swartz, Philadelphia, Pa., for defendant, Buffalo Sav. Bank in Adversary No. 81–1886G.

Samuel M. Brodsky, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

Three cases are embraced by this opinion. The first (Adv. No. 81–1886) was removed by the debtor to this court from the Superior Court of Pennsylvania, apparently pursuant to 28 U.S.C. § 1478,[1] and is an appeal from the decision of a state trial court. We are convinced that the removed appeal should be remanded to the state Superior Court since we do not conceive our function to be an alternative to a state court appeal.

The companion cases, on the other hand, one of which deals with a complaint to set aside the sale of the debtor's home at a sheriff's sale (Adv. No. 81–1666), the other by the purchaser of said property for relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code ("the Code") for abandonment of the real property, and for the rejection of a lease agreement (Adv. No. 82–0465), which involves the same realty, the same parties, the same counsel, vir-

tually identical facts and related issues of law, should in the interest of judicial economy, be consolidated for trial in this court.

The facts of the instant cases are as follows:[2] On July 30, 1980, a complaint in mortgage foreclosure was filed in the Court of Common Pleas of Philadelphia by Buffalo Savings Bank ("Buffalo"), the holder of a first mortgage on real property owned by Johnnie Mae Smith ("the debtor") located at 1356 Rittenhouse Street, Philadelphia, Pennsylvania. The debtor did not file any responsive pleading thereto and a judgment by default was entered on September 4, 1980. On November 4, 1980, Commercial Banking Corporation ("Commercial"), one of the plaintiffs herein and the holder of a second mortgage on the subject property, purchased said property at a sheriff's sale and the deed to the property was subsequently acknowledged, delivered and recorded. Thereafter, Commercial obtained a default judgment against the debtor in an action in ejectment instituted in the Court of Common Pleas of Philadelphia. Subsequently, on May 15, 1981, the debtor entered into a written lease agreement with Commercial wherein the debtor became a month to month tenant.

On August 10, 1981—eleven (11) months after the entry of the default judgment in favor of Buffalo and nine (9) months after the purchase of the property by Commercial at the sheriff's sale—the debtor filed in the state court a "petition to strike default judgment and set aside sheriff's sale or to order restitution" against Buffalo. On September 29, 1981, said court denied the aforesaid petition.

---

1. Section 1478 provides that any party may remove the cause of action to the bankruptcy court if the bankruptcy court has jurisdiction over the cause of action. Prior to the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) the bankruptcy court's jurisdiction extended to proceedings which "arose under", "arose in" or were "related to" a case commenced under 28 U.S.C. 1471(b). In light

of the *Northern Pipeline* decision, the jurisdiction of the bankruptcy court is uncertain. However, the debtor removed the appeal on November 12, 1981, before the date of the *Northern Pipeline* decision. Therefore, we conclude that we have jurisdiction over the removal.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Thereafter, on October 13, 1981, the debtor filed a petition for relief under chapter 7 of the Code. On October 20, 1981, the debtor filed an appeal to the Superior Court of Pennsylvania from the Court of Common Pleas' order denying her petition to strike the default judgment and set aside the sheriff's sale. Subsequent thereto, on November 12, 1981, the debtor filed an application to remove the appeal pending before the Superior Court to this court (Adv. No. 81–1886).[3] On December 31, 1981, the debtor also filed in this court an "amended complaint to set aside conveyance" (Adv. No. 81–1666) alleging that the debtor was never properly served with process and that the conveyance of the property was a fraudulent transfer within section 548 of the Code. Then, on March 5, 1982, Commercial filed a complaint for relief from the automatic stay, for abandonment of the real property and for rejection of the lease agreement (Adv. No. 82–0465).

On March 10, 1982, Commercial filed the instant application seeking, in part, to: (1) separate that portion of the debtor's complaint to set aside the conveyance (Adv. No. 81–1666), attacking the validity of the mortgage foreclosure judgment (improper service) from that portion of the complaint alleging a fraudulent conveyance under section 548 for purposes of consolidating for trial its own complaint for relief from the automatic stay (Adv. No. 82–0465) *only* with that portion of the debtor's complaint to set aside (Adv. No. 81–1666) dealing with the fraudulent conveyance issue under section 548; and (2) remand the state court appeal to state court[4] and strike that part of the debtor's complaint to set aside the conveyance involving the allegations of improper service in the state foreclosure action or, in the alternative, to allow the debtor to bring the allegations of improper service in state court.

Our review of the instant case reveals that equitable grounds exist so that we should remand the removed appeal to the Superior Court of Pennsylvania. The removal of the appeal from the denial of the petition to strike has the effect of disrupting the appellate process of the Pennsylvania judicial system. As the court held in *Hurt v. Cypress Bank,* 9 B.R. 749 (Bkrtcy.N. D.Ga.1981), "[i]t is not the function of removal under § 1478 to afford an alternative to a state court appeal." *Id.* at 755 *citing In re Tidwell,* 4 B.R. 100, 102 (Bkrtcy.N.D. Tex.1980). Yet, this is precisely what the debtor attempts to accomplish. The debtor admits that the issue in the case removed to this court was simply whether the record underlying the default judgment in mortgage foreclosure was self-sustaining and that the adversary actions commenced in this court involve different questions—whether, as a matter of *fact,* the debtor was never properly served in the mortgage foreclosure action. In ruling on the debtor's petition to strike, the Court of Common Pleas stated:

We note that petitioner has not in her motion prayed for an opening of the judgment. In fact, at oral argument, she stressed that the Court should in no way consider facts beyond the record because she had limited herself to a motion to strike. Indeed she has not alleged a meritorious defense and any excuse for the one-year delay in filing her petition.

This Court finds that the record supports the entry of the default judgment and hereby denies petitioner's motion to strike the default judgment.

Opinion at 3 (July term, 1980, No. 4168, 9/29/81 Biunno, J.)

---

**3.** 28 U.S.C. § 1478(a) provides:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

**4.** 28 U.S.C. § 1478(b) provides:

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

Therefore, the appeal from the denial of the petition to strike will involve the identical issue—an issue which the debtor concedes is not before this court.[5] Consequently, we decline to undertake what the Pennsylvania Superior Court would otherwise have to do—namely, review the determination of the Court of Common Pleas. We will, therefore, remand the appeal from the denial of the petition to strike to the Superior Court of Pennsylvania.

▆ We further conclude that Commercial's application to strike that portion of the debtor's complaint to set aside the conveyance (Adv. No. 81–1666) which seeks to attack the state court default judgment on the grounds of improper service should be denied. This complaint, unlike the appeal from the denial of the petition to strike, avers facts outside the record which could conceivably lend support to opening the default judgment. Furthermore, the complaint to set aside the conveyance on the basis of improper service is not, as Commercial contends, an attempt by the debtor to relitigate the same issues that were before the Court of Common Pleas since the issue before that court was the sufficiency of the record whereas the issue before us involves allegations relating to the opening of a judgment.[6]

▆ Finally, since the debtor's complaint to set aside the conveyance (Adv. No. 81–1666) and Commercial's complaint for relief from the automatic stay, for abandonment of the real property and for rejection of the lease agreement (Adv. No. 82–0465) both involve the same real property, the same parties, the same counsel, virtually identical facts and related issues of law, we conclude that these two adversary actions should, in the interest of judicial economy, be consolidated for trial.

5. *See* debtor's corrected copy of plaintiff's (debtor's) memorandum of law in opposition to defendant's (Commercial's) petition to remand at note 1.

6. The Court of Common Pleas stated:
Petitioner alleges in her motion to strike that she, herself, was not at the premises in question but was visiting with her daughter in Germany and this fact was known to the

plaintiff. While such an averment of fact, *if true,* would lend support to a petition to open judgment, this Court is limited to the record and cannot consider factual averments in the motion to strike. (citations omitted) (emphasis in original).
Opinion at 2 (July term, 1980, No. 4168 9/29/81 Biunno, J.)