**In re SUCCESS DATA SYSTEMS, INC., Debtor.**

**SUCCESS DATA SYSTEMS, INC., Plaintiff,**

v.

**NCR CORPORATION, Defendant.**

**Bankruptcy No. 85–02077G.**
**Adv. No. 85–0548G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 20, 1986.

Timothy A. Gallogly, Jon C. Sirlin & Associates, P.C., Philadelphia, Pa., for debtor/plaintiff, Success Data Systems, Inc.

Charles W. Kenrick, Frederick W. Bode, III, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant, NCR Corp.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

Where a debtor/plaintiff has removed a state court suit to this court pursuant to 28 U.S.C. § 1452, the question confronting us is whether we should grant the defendant's motion to remand the action to the state court in light of the fact that the debtor would have *us* review a decision of the state court judge in lieu of the state appellate court. We conclude that the defendant's motion is meritorious, based on the reasoning expressed herein, and will remand the action to the state trial court.

We outline the facts of this convoluted proceeding as follows:[1] Avco Financial Services Leasing Company ("Avco") filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania, naming as defendants Robert S. Horvitz, Fred Horvitz, Harvey Horvitz, Lee H. Horvitz and Pool City, Inc. (hereafter collectively cited as "Horvitz"). Horvitz answered the complaint and counterclaimed against Avco. On the basis of the counterclaim, Avco filed a third-party complaint against the debtor and NCR Corporation ("NCR"). The debtor then filed a cross-claim against NCR. In county court NCR moved for a stay of litigation of the debtor's cross-claim against it on the basis that the debtor's cause of action arises under a contract which provides for the arbitration of disputes under the contract. The county court granted the motion, staying that aspect of the litigation pending arbitration. The debtor then appealed that decision to the Pennsylvania Superior Court. The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code in May of 1985, and cognizant of the filing of the petition, the Pennsylvania Superior Court has held the appeal in abeyance.

The debtor has filed a timely application before us to remove to this court the litigation pending in state court but only that portion between it and NCR. NCR responded by filing a "Motion for change of venue of application for removal of a civil action." The debtor filed an answer to the motion and later filed an amended complaint. Shortly thereafter NCR filed a "Motion to dismiss, stay or strike or in the alternative abstain from determining amended complaint of [the debtor.]". On

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

the same day NCR filed a motion for remand of the instant case to the state court.

Removal of civil proceeding to the bankruptcy court is governed by 28 U.S.C. § 1452:

§ 1452. Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C. § 1452. Bankruptcy Rule 9027 provides further illumination of the process:

### REMOVAL

(a) Application.

(1) Where Filed; Form and Content. An application for removal shall be filed in the bankruptcy court for the district and division within which is located the state or federal court where the civil action is pending. The application shall be verified and contain a short and plain statement of the facts which entitle the applicant to remove and be accompanied by a copy of all process and pleadings.

\* \* \* \* \* \*

(e) Remand. A motion for remand of the removed claim or cause of action may be filed only in the bankruptcy court and shall be served on the parties to the removed claim or cause of action. A motion to remand shall be determined as soon as practicable. A certified copy of an order of remand shall be mailed to the clerk of the court from which the claim or cause of action was removed.

\* \* \* \* \* \*

Bankruptcy Rule 9027 (in part).

As applied to the case before us, Bankruptcy Rule 9027 dictates that an application for removal be filed in the bankruptcy court for the district within which is located the state or federal court from which the action is remanded. Since Allegheny County is in the Western District of Pennsylvania, the application for remand should have been filed there rather than with us in the Eastern District of Pennsylvania. The fact that the bankruptcy proceeding is being administered in this district is of no moment.

■ Since removal to this court was contrary to the language of Bankruptcy Rule 9027, NCR has moved us to remand the action to state court. The debtor counters by alleging that NCR's motion for remand was not timely filed within the meaning of Bankruptcy Rule 7012 which incorporates Fed.R.Civ.Pro. 12(h). We do not find this point compelling since it is not unambiguously clear that Fed.R.Civ.P. 12 applies to a motion to remand. Furthermore, the supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), by which the Court found the jurisdiction of the bankruptcy courts unconstitutionally broad under the Bankruptcy Act of 1978, plus the curative legislation found in the Bankruptcy Amendments and Federal Judgeship Act of 1984, counsels us to be circumspect in the exercise of our jurisdiction. In light of this policy, as well as a regard for comity between the state and federal judiciary, we conclude that if the motion for remand was untimely, the defect is without consequence in the instant case: a hearing on the remand was held, no party was prejudiced by the alleged untimeliness of the motion and the issue of remand was thoroughly briefed.

■ Looking to the merits of the motion for remand it appears that the trial judge decided in the written opinion that "there [was] an enforceable arbitration agreement between the parties, ... and the disputed matters [fall] within the scope of the agreement." *Avco Financial Services Leasing Co. v. Horvitz*, No. GD 83–17107, slip op. (Allegheny Co., Pa. Feb. 1, 1985). He held that the dispute between the debtor and NCR be submitted to arbitration. As we stated above, the debtor appealed that decision. The doctrine of law of the case [2] and the principles of comity beckon us not to upset a binding determination made by a state court of competent jurisdiction. Furthermore, a denial of the motion for remand would vest us with the duty of exercising what is tantamount to appellate jurisdiction over the trial judge's decision. We, as well as other courts, have so held. *Smith v. Commercial Banking Corp.*, 26 B.R. 569 (Bankr.E.D.Pa.1983); *Hurt v. Cypress Bank*, 9 B.R. 749, 755 (Bankr.N.D. Ga.1981); *Tidwell v. Thomas (In Re Thomas)*, 4 B.R. 100, 102 (Bankr.N.D.Tex.1980).

We will accordingly enter an order remanding this matter to the Court of Common Pleas of Allegheny County. This decision renders unnecessary any discussion of the remaining points raised by the parties.

---

**2.** Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. See 1 B.J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.404 (1982) (hereinafter Moore). Law of the case directs a court's discretion, it does

not limit the tribunal's power. *Southern R. Co. v. Clift*, 260 U.S. 316, 319 [43 S.Ct. 126, 126, 67 L.Ed. 283] (1922); *Messenger v. Anderson*, 225 U.S. 436, 444 [32 S.Ct. 739, 740, 56 L.Ed. 1152] (1912).
*In Re Ram Manufacturing Inc.*, 45 B.R. 663, 666–67 (Bankr.E.D.Pa.1985), *quoting, Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983).