SOUTHWEST MARINE, INC., a corporation, Plaintiff-Appellant,

v.

CAMPBELL INDUSTRIES, a corporation, et al., Defendants,

Triple "A" Machine Shop, Inc., a corporation, Defendant-Appellee.

No. 85–6157.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1986.

Decided Feb. 25, 1987.

Fredman, Silverberg and Lewis, Inc., Michael J. Roberts, San Diego, Cal., for plaintiff-appellant.

Eugene Crew, San Francisco, Cal., for defendant-appellee.

Before CANBY, REINHARDT and NOONAN, Circuit Judges.

designation.

## ORDER

Triple "A" Machine Shop's suggestion for en banc consideration is rejected. A vote was taken, but a majority of the active judges were not in favor of en banc consideration.

## OPINION

REINHARDT, Circuit Judge:

The petition for rehearing is denied. Triple "A" Machine Shop's reliance on *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), is misplaced. *Kentucky v. Graham* held only that a government entity cannot be held liable in an action against a government official in his personal capacity. The decision in no way alters or affects the basic rule that a prevailing party may be awarded attorneys' fees pursuant to Section 1988. Most important of all, the Court expressly disavowed any intent to change the current law with respect to the criteria for, or definition of, a "prevailing party". As the Court explicitly said: "We express no view as to the nature or degree of success necessary to make a plaintiff a prevailing party. *See Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)." 105 S.Ct. at 3105 n. 9.

Thus the law of the case, *Southwest Marine v. Campbell Industries*, 732 F.2d 744 (9th Cir.1985), remains applicable. Moreover, in our view, that law was properly decided. For reasons stated in the above cited opinion, *Southwest Marine* was the prevailing party.

NOONAN, Circuit Judge, with whom GOODWIN, SNEED, and J. BLAINE ANDERSON, Circuit Judges, join dissenting from the denial of en banc rehearing:

The opinion of the court in this case is defensible if either of the following propositions is valid:

1. A losing litigant is entitled to be paid his attorneys' fees by the winning litigant.

2. Once a court makes a serious mistake, the court should not correct the mistake, even though its error is called to its attention and the litigation is still in progress.

The present case treats the award of fees under the antitrust laws, 15 U.S.C. § 26, as parallel to awards under 42 U.S.C. § 1988. In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) a unanimous decision of the Supreme Court, Justice Marshall writing for the Court made a number of statements on court-awarded attorneys' fees under 42 U.S.C. § 1988,— statements which very strictly read could be taken as dicta but which form the warp and woof of the Court's reasoning and which, because of the precedential force of § 1988 cases, are highly relevant here. *Kentucky v. Graham* is of a breadth and weight that makes disregard of its teaching all but direct defiance of the Supreme Court.

In *Kentucky v. Graham*, Justice Marshall for the Court wrote:

... It is clear that the logical place to look for recovery of fees is to the losing party—the party legally responsible for relief on the merits.

*Id.* at 3104.

Justice Marshall also wrote:

That a plaintiff has prevailed against one party does not entitle him to fees from another party, let alone from a non-party.

*Id.* at 3106.

Justice Marshall further wrote:

... fee and merits liability run together.

*Id.* at 3108.

In the present case, recovery of fees has been looked to in the illogical place—the winning party, the party found to be not responsible for relief on the merits.

In the present case, the plaintiff prevailed against one party by means of settlement and is now awarded fees from another party which did not settle, a party which in fact did prevail against the plaintiff.

In the present case, fee and merits liability do not run together, but liability for the fee is attached to a defendant that has won on the merits.

The only conceivable justification for this bizarre result is that the law of the case in an earlier phase of this litigation had established that the victorious defendant should be liable. In the earlier phase, a per curiam opinion stated that "the defendants decided to permit Southwest Marine to use the dock under an assignment from National Steel & Shipbuilding Co." *Southwest Marine, Inc. v. Campbell Industries*, 732 F.2d 744, 747 (9th Cir.1984). The opinion went on to say that the plaintiff had "prevailed within the meaning of 42 U.S.C. § 1988."The implication of the opinion was that the plaintiff had prevailed against both defendants.

Two major difficulties exist in treating the law of the case thus set out as binding now:

First, the law of the case is not binding when the law changes. *Kentucky v. Graham* clarified the law of court-awarded attorneys' fees in such a way that it should be read as changing the law subsequent to this court's earlier decision. Accordingly, the earlier opinion should give way.

Second, the law of the case does not have the same binding force as *res judicata.* As Justice Holmes succinctly put it:

In the absence of statute the phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.

*Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). The difference between the law of the case and *res judicata* is that "one directs discretion, the other supersedes it and compels judgment." *Southern Railway Co. v. Clift,* 260 U.S. 316, 319, 43 S.Ct. 126, 127, 67 L.Ed. 283 (1922).

We are dealing then with what is properly a matter of discretion—discretion so vague that the law of the case has been described by the Supreme Court as "an amorphous concept." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). It is essentially "a

rule of practice and not a limit on authority." 1 B J. Moore, J. Lucas, & T. Currier, *Moore's Federal Practice* § 0.404[1] at 120 (2d ed. 1982). Specifically, to correct "a manifest injustice" the law of the case should be reconsidered. *Arizona v. California,* 460 U.S. at 644, 103 S.Ct. at 1404 (Brennan, J., dissenting). Law of the case should not be applied woodenly in a way inconsistent with substantial justice. *Moore v. James H. Matthews & Co.,* 682 F.2d 830, 833–34 (9th Cir.1982).

A substantial miscarriage of justice is involved in this case. The single sentence speaking of "the defendants" in the plural is based on this court's erroneous impression that the defendants had some kind of joint control over the dry docks. In fact, the users' agreement was between the San Diego Port Authority and a series of independent shipbuilders. No one of these shipbuilders acted on behalf of all the other shipbuilders. The assignment made by National Steel & Shipbuilding Co. to Southwest Marine was not an assignment that was authorized, concurred in or in any way made possible by Triple "A". There was no way that the defendants could "collectively" permit Southwest Marine to use the facility.

In its brief on appeal in this case, Triple "A" made crystal clear the error which the court's earlier opinion had made. For reasons that are not apparent, the court has been unwilling to acknowledge that the earlier panel committed an error of fact and it has been unwilling to rectify the miscarriage of justice based on the error of fact. Indeed, in footnote 2 of the present opinion, the court has chosen to repeat the original error. On this appeal Southwest Marine did not attempt to dispute Triple "A" s refutation of this mistake. The court nonetheless still seems to recite the error as fact.

The final liability to be imposed by the district court is as yet undetermined. Whether it is ultimately small or large (the losing plaintiff has asked for over $350,000 in fees) is not decisive. Justice is too precious a commodity to have a price. Even if

the ultimate fee awarded should be small, we should not so turn things on their head that the winner becomes the loser, nor, out of charity for the mistakes of this court, should we turn a blind eye when the court itself is the instrument of injustice.