INSURANCE CORPORATION
OF AMERICA, Defendant
Below, Appellant,

v.

Ellen BARKER, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 9, 1993.
Decided: April 15, 1993.

F. Alton Tybout (argued) of Tybout, Redfearn & Pell, Wilmington, for appellant.

Bruce L. Silverstein (argued), and Ben T. Castle of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

Before HORSEY, MOORE and HOLLAND, JJ.

HORSEY, Justice:

At issue is whether this Court's previous decision, reviewing a grant of summary judgment as to both defendants, bars plaintiff from pursuing further claims for relief against one of the defendants. Defendant Insurance Company of America ("ICA") appeals from an interlocutory order of Superior Court denying ICA's motion to dismiss so much of plaintiff Ellen Barker's ("Barker") amended complaint as purports to state a claim against ICA for abuse of process. On appeal, ICA contends that Superior Court erred as a matter of law in granting plaintiff Barker leave to reassert against ICA an abuse of process claim. We reverse, holding that the trial court has violated the "law of the case" as established by this Court.

## I.

The facts relevant to this interlocutory appeal are undisputed.[1] In 1987, four former patients of Peter S. Huang ("Huang"), a physician practicing in this State, filed suit in Superior Court against Huang, claiming to have been sexually assaulted by him while patients of his. Huang counterclaimed, alleging that the plaintiffs, along with Ellen Barker, had conspired to falsely accuse him of sexual assault. Local media covering the litigation reported Huang's counterclaim implicating Barker, who was not a party to the suit. Huang's counterclaim allegedly cast Barker in an

unfavorable light. Before trial began, the court granted Huang's motion to dismiss the counterclaim with prejudice.

In May 1990, Barker filed a suit for damages in Superior Court against Huang and Huang's medical malpractice insurer, ICA. Barker charged both defendants with multiple torts, including, but not limited to, defamation, libel, slander and abuse of process. Huang, rather than answering the complaint, moved for summary judgment under Superior Court Civil Rule 56(b), whereas ICA more appropriately filed a motion to dismiss under Superior Court Civil Rule 12(b)(6). *See Barker v. Huang*, Del.Supr., 610 A.2d 1341, 1347 n. 3 (1992) (herein *"Barker I"*). Barker responded by submitting an affidavit in opposition to the defendants' several motions. Barker's affidavit purported to assert that Huang had made defamatory statements outside of the judicial context. *Id.* at 1347. Ultimately, Superior Court entered summary judgment in favor of both defendants. On appeal, we affirmed the Superior Court's decision finding Barker's original claims against ICA and Huang to be without merit. *Id.* at 1342. We remanded the case, however, to permit Barker to amend her complaint to include the claims raised against Huang in the submitted affidavit because we found the trial court to have erred by failing to consider Barker's affidavit as a motion to amend her complaint by "raising new claims against Huang to which Huang has asserted no defense." *Id.* at 1342.

On remand, plaintiff Barker, with leave of court, filed an amended complaint asserting not one, but the following multiple claims: (1) a defamation, libel and slander claim against Huang for his actions outside the judicial context which Barker had previously referred to in her affidavit; (2) restated claims against both ICA and Huang for abuse of process.[2] ICA moved to dis-

---

1. In this opinion we will only discuss the facts pertinent to this appeal. A more complete presentation of the facts embodied in this action appears in our previous decision. *See Barker v. Huang*, Del.Supr., 610 A.2d 1341 (1992).

2. In declaring how the amended complaint varied from the original complaint with regard to the abuse of process allegations, Barker stated: (v) plaintiff has added detail to her claim for abuse of process, which previously was found to have been insufficiently pleaded.

miss the amended complaint contending that Barker's claims against it were barred by this Court's rulings in *Barker I* and that the amended complaint otherwise failed to state a claim for relief.[3] Superior Court denied ICA's motion to dismiss as well as ICA's subsequent application for certification of an interlocutory appeal. We accepted ICA's interlocutory appeal under Superior Court Civil Rule 42(d). *Insurance Corp. of Am. v. Barker*, Del.Supr., No. 492, 1992, Holland, J. (Nov. 9, 1992) (ORDER).

## II.

On appeal, ICA asserts two grounds of error of law. First, ICA contends that, under this Court's decision in *Barker I*, Superior Court was without jurisdiction or authority to grant Barker leave to reassert an abuse of process claim against ICA. Alternatively, ICA argues that Superior Court violated the "law of the case" doctrine, as determined in *Barker I*, in denying ICA'S motion to dismiss the amended complaint as to ICA. To the contrary, Barker contends that *Barker I* was either "unclear or deficient" concerning the scope of Superior Court's jurisdiction conferred under our order remanding the case "for further proceedings consistent herewith." Alternatively, Barker argues that Superior Court, under its inherent authority, retained both jurisdiction and discretion "to allow any amendment to the [original] complaint that was not prohibited by this Court" in *Barker I*. The issue framed, being whether the Superior Court correctly applied a legal principle, is a question of law that is subject to review *de novo*. *See Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del.Supr., 445 A.2d 927, 930 (1982).

### A.

The law is well established that when an appellate court remands a case for further proceedings, "the trial court must proceed in accordance with the mandate

and the law of the case as established on appeal." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 3rd Cir., 761 F.2d 943, 949 (1985) (citing *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948)); *see also In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); *Piambino v. Bailey*, 11th Cir., 757 F.2d 1112, 1119 (1985), *cert. denied sub nom., Hoffman v. Sylva*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986). The trial court is required "[to] implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Bankers Trust Co.*, 761 F.2d at 949 (quoting *Piambino*, 757 F.2d at 1119 (citations omitted)). The opinion becomes part of the mandate and must be considered as one. *Delgrosso v. Sprang and Co.*, 3rd Cir., 903 F.2d 234, 240 (citing *Bankers Trust Co.*, 761 F.2d at 949–50), *cert. denied*, 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990). While the mandate does not control a trial court as to matters not addressed on appeal, the trial court is bound to strictly comply with the appellate court's determination of any issues expressly or impliedly disposed of in its decision. *Piambino*, 757 F.2d at 1119 (citations omitted); *see also Gegenheimer v. Galan*, 5th Cir., 920 F.2d 307, 309 (1991); *Nguyen v. United States*, 9th Cir., 792 F.2d 1500, 1502 (1986); *Bankers Trust Co.*, 761 F.2d at 950 (citations omitted).

The "law of the case" doctrine encompasses these principles arising from the "mandate rule." The doctrine stands for the proposition that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or in a later appeal." *Westbrook v. Zant*, 11th Cir., 743 F.2d 764, 768 (1984) (quoting *Dorsey v. Continental Casualty Co.*, 11th Cir., 730 F.2d 675, 678 (1084)); *see also Piambino*, 757 F.2d at 1120; 1B James W. Moore et al., *Moore's*

---

Barker's Amended Complaint at 1, *Barker v. Huang*, Del.Super., C.A. No. 90C–MY–250 (Aug. 3, 1992).

3. Although irrelevant to the matter presently before the Court, we note that at this same point in the litigation Huang also moved to dismiss the amended complaint.

*Federal Practice*, ¶ 0.404[10] at 172 (2d ed. 1992).[4] Designed to create efficiency, finality and obedience within the judicial system, the law of the case doctrine is self-imposed by the courts. *Litman v. Massachusetts Mutual Life Ins. Co.*, 11th Cir., 825 F.2d 1506, 1511 (1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988).[5] Under the principles governing the law of the case, as well as the mandate rule, a trial court is "free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not settled by the decision." *Bankers Trust Co.*, 761 F.2d at 950. However, as the Third Circuit recently stated in *Blasband v. Rales*, 3d Cir., 979 F.2d 324, 327 (1992):

> ... when a court of appeals remands a case and of that there can be no doubt:
>
> It is axiomatic that on remand for further proceedings after decision by an appellant court, the trial court must proceed with the mandate and the law of the case as established on appeal. A trial court must implement both the letter the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. "Where the reviewing court in its mandate prescribes that the court shall proceed in accordance with the opinion of the reviewing court, such pronouncement operates to make the opinion a part of the mandate as completely as though the opinion had been set out at length."
>
> *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir.1985) (citations omitted).

This Court has previously recognized and applied the "law of the case" doctrine. *See Marine v. State*, Del.Supr., 624 A.2d 1181, 1187 (1993); *Kenton v. Kenton*, Del.Supr., 571 A.2d 778, 784 (1990).

▮ In light of these governing principles, we must determine whether *Barker I* established the law of the case with respect to Barker's abuse of process claim against ICA; and, if so, whether the Superior Court violated this doctrine in denying ICA's motion to dismiss Barker's amended complaint. Under law of the case principles, *Barker I* clearly established the law of the case with respect to the contested abuse of process claim by granting ICA summary judgment on that claim. This is self-evident from our holding in *Barker I:*

> We affirm Superior Court's decision finding meritless ... Barker's claims against ICA. However, we find Superior Court to have erred by failing to properly consider Barker's affidavit as a motion to amend her complaint, raising new claims against Huang to which Huang asserted no defense. To the extent that Barker's affidavit makes a claim of defamation arising from statements made by Huang unprotected by an absolute privilege, summary judgment was inappropriate. We therefore reverse in part and remand.

*Barker I*, 610 A.2d at 1342 (emphasis added). Later in the opinion we further explained that:

> Barker's affidavit raised no new claims against ICA. Barker has thus made no claim that ICA was part of any allegedly tortious conduct outside of the judicial context.... Therefore, ICA was entitled to the protection of the absolute privilege. Neither Barker's complaint nor

---

**4.** Although none are applicable here, we note that one court, in the interests of justice, has drawn three exceptions as to when the law of the case should not be applied. *Westbrook*, 743 F.2d at 768–69.

**5.** Here, we note the distinction between the law of the case doctrine and doctrine of *res judicata*. While the doctrines are analogous since each is founded on the public policy against reopening issues which have previously been decided, they are not identical. *See* 46 Am.Jur.2d *Judgments* § 400 at p. 568 (1969); 21 C.J.S. *Courts* § 149(a)

at p. 183 (1990). The law of the case does not have the finality of *res judicata* since it only applies to "litigated issues and does not reach issues which could have been but were not litigated." *Lange v. Nelson–Ryan Flight Service, Inc.*, 263 Minn. 152, 116 N.W.2d 266, 269 (1962); *see also Southern Ry. Co. v. Clift*, 260 U.S. 316, 319, 43 S.Ct. 126, 126–27, 67 L.Ed. 283 (1922); *Barney v. Winona & St. Peter R.R. Co.*, 117 U.S. 228, 231, 6 S.Ct. 654, 656, 29 L.Ed. 858 (1886); *Wolfe v. Graether*, Iowa Supr., 389 N.W.2d 643, 651 (1986).

her affidavit makes out any claims against ICA that are not defeated on their face by the absolute privilege. Accordingly, Barker's claim that Superior Court erred in granting summary judgment on her claims against ICA is without merit.

\* \* \* \* \* \*

Affirmed in part, Reversed in part and Remanded, for proceedings consistent herewith.

*Id.* at 1352. In sum, we affirmed the grant of summary judgment in favor of ICA as to all claims stated by Barker against ICA; and we reversed and remanded only as to Barker's claim stated against defendant Huang. Further, we issued a clear direction to Superior Court to grant Barker leave to amend her complaint only for the limited purpose of restating against Huang the claim contained in Barker's affidavit.

Moreover, in our decision we expressly noted that Barker "apparently abandon[ed] her claim below of ... abuse of process...." *Id.* at 1348. In rejecting Barker's motion for reargument, as to whether she had abandoned her abuse of process claim, we noted by further Order that Barker had failed to appeal the abuse of process issue.[6]

We find, for the foregoing reasons, that it is patently clear that Superior Court has violated the "law of the case" in failing to grant ICA's motion to dismiss Barker's amended complaint against ICA. This Court's decision and mandate deprived Superior Court of any authority to permit Barker to replead any claim previously raised against ICA. As noted, we expressly affirmed Superior Court's entry of summary judgment in favor of ICA on all counts asserted against it by Barker, including her abuse of process claim. Superior Court is bound by these rulings.

We also adhere to the well-settled rule that "a party cannot raise anew on remand an issue that it failed to pursue on appeal." *See Washington Post Co. v. U.S. Dept. of Health & Human Serv.,* D.C.Cir., 865 F.2d 320, 327 (1989). That was the ruling of this Court in our Order dated July 27, 1992, denying Barker's motion for reargument on several issues, including her dispute of our ruling that she had abandoned her abuse of process claims on appeal. *See supra* n. 6. This Court, by affirming the trial court's original grant of summary judgment and by our Order denying Barker's motion for argument, indisputably established the "law of the case" with respect to all issues originally litigated between Barker and ICA, including her claim of abuse of process. The Superior Court was obligated to comply with the law of the case doctrine on remand of the case for further proceedings against Huang. The trial court was duty bound to implement "both the letter and spirit of the mandate...." *Bankers Trust Co.,* 761 F.2d at 949.

The decisional law relied upon by Barker does not support a contrary result in this case and is otherwise clearly distinguishable. Barker contends that portions of an appealed decision which are affirmed by rulings lose finality if any remaining issues are remanded for further determination. The proposition has no support in logic or law. The authorities are in accord that an issue that has already been litigated and settled by an appellate court cannot thereafter be relitigated at the trial level in an amended pleading that is inconsistent with the judgment and mandate of the appellate court. *See* 3 James W. Moore et al., *Moore's Federal Practice* ¶ 15.11 at 15–114 (2d. ed. 1992). The case upon which Barker predominantly relies, *Galvan v. Bexar County, Texas,* 5th Cir., 785 F.2d 1298 (1986), is not authority to the contrary.

6. Specifically, we wrote:
    The record on appeal is bereft of any contention by Barker that Superior Court's 12(b)(6)–style analysis of her claim of abuse of process was in error, or that her complaint and affidavit adequately stated a claim of abuse of process. Barker's failure on appeal to assert error in this threshold ruling of the court below precludes our review of that ruling, and makes moot any derivative *Mann [v. Oppenheimer,* Del.Supr., 517 A.2d 1056 (1986) ] claim. Accordingly, Barker's motion is without merit.
    *Barker v. Huang,* Del.Supr., No. 103, 1991, slip op. at 3, Horsey, J. (July 27, 1992) (ORDER).

The appellate court in *Galvan* did not permit Gonzales, one of the plaintiffs, to reopen on remand his employment discrimination claim to the extent it was based upon national origin or racial discrimination. The court only permitted Gonzales to assert a claim of age discrimination which it found he had previously pleaded and which remained undecided. *See id.* at 1304.

### B.

We turn to Barker's remaining contention that Superior Court, under its conferred broad discretion to permit amended pleadings, retained inherent jurisdiction to "allow any amendment to the [original] complaint that was not [expressly] prohibited by this Court." The rules of Superior Court do permit a party to amend her pleadings "once as a matter of course at any time before a responsive pleading has been served...." Super.Ct.Civ.R. 15(a). Here, no responsive pleading was filed by either defendant prior to defendant Huang's filing of a motion for summary judgment and defendant ICA's filing of a more appropriate motion to dismiss. *See Barker I* at 1343 & 1347 n. 3. Moreover, the record discloses that Barker failed to move for leave under Rule 15(b) to amend her original complaint, either before or after Superior Court's grant of summary judgment in favor of both defendants, or before Barker docketed her original appeal in this Court. Barker only sought leave from Superior Court to amend her original complaint after the decision and mandate in this Court issued and the case was remanded to Superior Court. Further, Superior Court, in acting on Barker's motion to amend and in granting her leave to amend her pleadings, expressly limited the scope of Barker's right to file an amended pleading to "accord with the Supreme Court's decision of June 11, 1992 and [our decision denying Barker's motion for reargument dated] July 27, 1992." Thus, the judge of Superior Court who so ruled correctly applied the law of the case doctrine; and it was a subsequent ruling by another judge of Superior Court who violated that court's own prior ruling, and the confirmed law of the case, in denying ICA's motion to dismiss Barker's amended pleading as to ICA. *See Joseph B.P. v. Kathleen M.P.*, Del. Supr., 469 A.2d 800, 802 (1983).

This case is thus governed by the great weight of authority throughout this country that "[w]hen, in the ordinary case, 'the pleader has stood upon his pleading and appealed from a judgment of dismissal, amendment will not be permitted ... if the order of dismissal is affirmed....' " *Rivera–Gomez v. de Castro*, 1st Cir., 843 F.2d 631, 635–36 (1988) (quoting 3 James W. Moore et al., *Moore's Federal Practice* ¶ 15.11 at 15–109 (1983)); *see also The Dartmouth Review v. Dartmouth College*, 1st Cir., 889 F.2d 13, 23 (1989). That rule is only subject to an exception where, upon a showing of exceptional circumstances, a movant may be granted leave to amend following the grant of summary judgment. *Dartmouth Review*, 889 F.2d at 23; *Rivera–Gomez*, 843 F.2d at 636.

At oral argument, Barker conceded that she was unable to articulate a showing of exceptional circumstances for application of the exception to the prevailing rule prohibiting a party to amend her pleadings with respect to an issue already litigated. Thus, we find that Superior Court committed legal error in permitting Barker to file an amended complaint restating and enlarging upon her complaint against ICA after this Court had affirmed the grant of summary judgment in favor of ICA and a mandate had issued thereon.

We remand this case to Superior Court with directions to dismiss the amended complaint of Barker against ICA.

\* \* \*

Reversed and Remanded.