IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EARL STRONG, | § | |
| | § | |
| Defendant Below- | § | No. 508, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| WELLS FARGO BANK, NA, | § | |
| | § | C.A. No. K15C-03-003 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  January 13, 2017
Decided:  February 27, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 27th day of February 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Earl Strong, appeals from an October 4, 2016 judgment, which the Superior Court entered against him after an inquisition hearing.  We find no basis for Strong's appeal.  Thus, we affirm the Superior Court's judgment.

(2)    The record reflects that Strong executed a promissory note in 2004 ("the Note") payable to MIT Lending.  The appellee, Wells Fargo Bank, NA ("the Bank"), later acquired MIT Lending's interest in the Note.  Strong defaulted on the Note in 2005.  In 2009, Strong executed a reaffirmation agreement, both

confirming and acknowledging the underlying debt. In March 2015, the Bank filed suit to collect on the Note. The Superior Court entered summary judgment in the Bank's favor on February 26, 2016 ("the Liability Ruling") and denied Strong's motion for reargument on March 10, 2016. This Court affirmed on appeal.[1]

(3) After this Court affirmed the Liability Ruling, the Superior Court scheduled an inquisition hearing to determine the amount that Strong owed to the Bank under the terms of the Note. Strong appeared at the inquisition hearing but did not present any evidence in opposition to the Bank's evidence of the amount owed on the Note. Strong attempted to reargue the Liability Ruling, but the Superior Court held that the issue of liability already was resolved. Following the hearing, the Superior Court entered judgment in the Bank's favor in the amount of $320,230.43. This appeal followed.

(4) In his opening brief on appeal, Strong challenges the Liability Ruling, contending that the Bank's attempt to collect under the Note was barred by the applicable statute of limitations and by the doctrines of *res judicata* and collateral estoppel. Strong's defenses to the issue of his liability under the Note, however, were raised and rejected by this Court in Strong's appeal from the Liability Ruling. The Liability Ruling is the law of the case and cannot be relitigated in this appeal.[2]

---

[1] *Strong v. Wells Fargo Bank, NA*, 2016 WL 4922750 (Del. Sept. 13, 2016).

[2] *McDuffy v. DeGeorge Alliance Inc.*, 2000 WL 431617 (Del. Apr. 12, 2000) (citing *Insurance Corp. of America v. Baker*, 628 A.2d 38, 40-41 (Del. 1993)).

Strong's current appeal raises no issue contesting the amount of the damages award. Accordingly, the Superior Court's judgment awarding the Bank judgment in the amount of $320,230.43 shall be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

3