# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTIANNE M. HAGGERTY, | § | |
| | § | No. 203, 2017 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N16A-08-001 (N) |
| BOARD OF PENSION TRUSTEES | § | |
| OF THE STATE OF DELAWARE | § | |
| and the DELAWARE OFFICE OF | § | |
| PENSIONS, | § | |
| | § | |
| Appellees Below, | § | |
| Appellees. | § | |

Submitted: October 27, 2017
Decided: January 16, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 16th day of January 2018, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Christianne M. Haggerty, was employed as a New Castle County police officer for more than sixteen years.  On March 3, 2009, Haggerty was injured on the job during a physical encounter with a suspect.  Initially, Haggerty was diagnosed with a shoulder strain and was placed on light duty, but by August 2010, recurring problems from her injury made it medically impossible for her to

perform any type of police work. Her employment with the New Castle County Police Department was terminated as of October 7, 2010.

(2) On September 2, 2010, Haggerty applied for a disability pension. By statute, the Board of Pension Trustees controls and manages the Delaware County and Municipal Police/Firefighter Pension Plan ("the Pension Plan").[1] Under the statute, the Pension Plan defines "partial disability" as a medical impairment "which renders the member unable to function as a police officer and which is reasonably expected to last at least 12 months."[2] The statute defines "total disability" as a medical impairment "which renders the member totally unable to work in any occupation for which the member is reasonably suited by training or experience, which is reasonably expected to last at least 12 months."[3]

(3) By letter dated November 23, 2010, Haggerty was notified that she had been granted a partial disability pension effective October 10, 2010. She began receiving those benefits in December 2010. At around the same time, Haggerty also began receiving partial disability worker's compensation benefits.

(4) Dissatisfied with the partial disability pension granted by the Pension Board, and believing that she was eligible for a total disability pension, Haggerty

---

[1] *See generally* 29 *Del. C.* § 8308 (Supp. 2017) (codifying power and duties of Board of Pension Trustees).

[2] 11 *Del. C.* § 8801(13) (Supp. 2017).

[3] *Id.* (16).

2

asked the Pension Board to reconsider her application for a disability pension. Following a comprehensive vocational assessment completed in April 2011, a two-member panel of the Pension Board held a hearing on September 14, 2011. The panel issued a written report recommending that Haggerty's request for a total disability pension be denied. The panel's report and recommendation was adopted as a final decision of the Pension Board.

(5)  Haggerty appealed the Pension Board's decision to the Superior Court. Haggerty argued that the Board failed to consider medical records supporting her request for a total disability pension, including medical records establishing that her condition had worsened since her original application. The Board responded that it properly denied Haggerty's request for a total disability pension on the basis of the vocational assessment and that, under the Pension Plan statute, the Board was *not* authorized to consider evidence that Haggerty's condition had worsened since she was originally determined to be eligible for a disability pension.

(6)  When deciding Haggerty's appeal from the Pension Board's decision, the Superior Court ruled in part for the Board and in part for Haggerty. In its order dated July 20, 2012, the court found no error in the Pension Board's procedures to determine a member's eligibility for a disability pension, including the Board's determination that, under the Pension Plan statute, it could *not* consider evidence that a member's condition had worsened after the member was originally determined

3

to be eligible for a disability pension.[4]  Noting that the legislature, not the court, is the proper forum for changing the language of a statute, the Superior Court explained that "[a]s unfair as this may seem to Haggerty and any other service-member faced with a degenerative condition caused by a work-related injury, this Court is not the proper forum for relief."[5]  The Superior Court reversed the Pension Board's decision, however, and remanded the matter for further proceedings after finding that the Board had not considered *any* of the medical evidence submitted by Haggerty, including evidence that might have been relevant to determining whether, at the time she applied for a disability pension, she was totally disabled under the Pension Plan statute.

(7)     On remand, a panel of the Pension Board held a hearing on November 13, 2013.  In the sixteen-month interval between the July 2012 remand order and the November 2013 hearing, Haggerty underwent spinal fusion surgery.  Following the surgery, Haggerty's worker's compensation case was reopened, and she was awarded total disability worker's compensation benefits.

(8)     Following the hearing in November 2013, the panel issued a report again recommending that Haggerty's request for a total disability pension be denied. The panel's report and recommendation was adopted as a final decision of the Board.

---

[4] *Haggerty v. Bd. of Pension Tr.,* 2012 WL 3029580 (Del. Super. July 20, 2012).
[5] *Id.* at *4.

4

(9)     Haggerty appealed the Pension Board's decision to the Superior Court, arguing, in relevant part, that the Board had not complied with the Superior Court's July 20, 2012 order directing the Board to consider the medical evidence she submitted.  According to Haggerty, the Pension Board arbitrarily discounted some of her medical reports simply because the information in the medical reports was presented on forms prepared for and submitted in her worker's compensation case. In response, the Board argued that it gave appropriate weight to the information in Haggerty's worker's compensation-related medical records and that, even with those records, Haggerty had not established under the Pension Plan statute that she qualified for a total disability pension.

(10)   By opinion issued on July 20, 2015, the Superior Court again reversed and remanded the matter to the Pension Board to reconsider the medical record evidence, including the medical records upon which Haggerty relied when she successfully petitioned for total disability worker's compensation benefits.[6] Notably, however, in the opinion, the Superior Court reiterated its prior determination—in the July 20, 2012 order—that the Board was *not* to consider evidence that Haggerty's impairment had worsened after her original filing for a disability pension.[7]

---

[6] *Haggerty v. Bd. of Pension Tr.*, 2015 WL 4477798 (Del. Super. July 20, 2015).
[7] *Id.* at *2.

5

(11)   The Pension Board appealed the Superior Court's July 20, 2015 opinion to this Court, arguing that the Superior Court erred when it ruled that the Board erred when weighing the medical evidence.  We affirmed the Superior Court's judgment.[8]

(12)   Following the Pension Board's unsuccessful appeal, a panel of the Board convened to review the entire record and reconsider all of the medical evidence, including the medical reports that supported Haggerty's successful petition for total disability worker's compensation benefits.  In a report and recommendation that was later adopted as a final decision of the Board, the panel confirmed its original decision that Haggerty "was partially disabled at the time of her determination of pension disability eligibility" and therefore did not qualify for total disability pension benefits.[9]  The panel explained:

> While the Board is sympathetic to the fact that over the course of the next several years, Ms. Haggerty's health situation declined, both the [Pension Plan statute and the Superior Court's July 20, 2012 order] make clear that the Board does not have the authority to increase Ms. Haggerty's disability pension, after her eligibility determination effective October 10, 2010, as per 11 *Del. C.* § 8817(c).  Thus, the Board may not consider evidence of Ms. Haggerty's current Worker's Compensation [total] disability status in an effort to increase her partial disability pension.  To do otherwise would be beyond the Board's authority as set forth in the [Pension Plan statute].[10]

---

[8] *Bd. of Pension Tr.. v. Haggerty*, 2016 WL 308917 (Del. Jan. 26, 2016).
[9] App. to Answering Br. at SA–155.
[10] App. at SA–154.

(13) Once again, Haggerty appealed the Pension Board's decision to the Superior Court. By memorandum opinion dated April 17, 2017, the Superior Court affirmed the Board's decision.[11] This appeal followed.

(14) Having carefully considered the parties' briefs on appeal, the Superior Court record, and the record of the proceedings before the Pension Board, we have concluded that the Superior Court's April 17, 2017 memorandum opinion should be affirmed. Our decision turns in large measure on the Superior Court's application of the law of the case doctrine to its prior determination in the July 20, 2012 order that the Pension Board could *not* consider medical evidence that Haggerty's condition worsened after she was originally determined to be eligible for a disability pension.[12]

(15) Recognizing that the Superior Court's prior determination was crucial to the Board's confirmation of its original decision denying her request for total disability pension benefits, Haggerty argues on appeal that the prior determination was made in error and should not be the law of the case. We disagree. The Superior Court did not err when determining that the absence of a statutory provision

---

[11] *Haggerty v. Bd. of Pension Tr.*, 2017 WL 1505228 (Del. Super. April 17, 2017).

[12] The law of the case doctrine "stands for the proposition that 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or in a later appeal.'" *Ins. Corp. of America v. Barker*, 628 A.2d 38, 40 (Del. 1993) (quoting *Westbrook v. Zant*, 743 F.2d 764, 768 (11th Cir. 1984)). The doctrine does not apply when the prior determination is clearly wrong, produces an unjust result, or should be revisited because of changed circumstances. *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 39 (Del. 2005).

7

providing for an increase in disability pension benefits based on a pensioner's worsening condition effectively restricted the evidence the Pension Board was allowed to consider when deciding Haggerty's request for total disability pension benefits. Also, the Superior Court did not err when deciding that its prior determination was the law of the case. It is a basic rule of statutory construction that when a provision is expressly included in one statute but omitted from another, we must conclude that the General Assembly intended to make the omission.[13] In this case, the Pension Plan statute does not contain a provision, as does the worker's compensation statute, allowing for an increase in benefits when the pensioner's condition worsens.[14]

(16) When reviewing an appeal from a decision of the Pension Board, the Court must determine whether the Board's decision is supported by substantial evidence and is free from legal error.[15] In this case, the Pension Board properly relied on the Superior Court's determination that, under the Pension Plan statute, the Board could *not* consider medical evidence that Haggerty's condition worsened after

---

[13] *Leatherbury v. Greenspun,* 939 A.2d 1284, 1291 (Del. 2007).

[14] *Compare* 19 *Del. C.* § 2347 (Supp. 2017) (providing that an award of worker's compensation benefits may be terminated, diminished, or increased in the event the employee's incapacity changes), *with* 11 *Del. C.* § 8817(c), (d) (2010) (providing for the reduction or termination of disability pension benefits in the event of the pensioner's partial or full recovery).

[15] *Richardson v. Board of Pension Trustees*, 2017 WL 3721791, at *3 (Del. Aug. 29, 2017) (citing *Stoltz Mgmt. Co. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1208 (Del. 1992) and 29 *Del. C.* § 10142(d) (2006)).

she was originally determined to be eligible for a disability pension. The Board's decision confirming its award of a partial disability pension and denying Haggerty's request for a total disability pension is supported by substantial evidence and is free from legal error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice