**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

STATE OF DELAWARE              )
                                      )

     v.                       )   Case No. 1704016124
                                        )

JOSEPH W. RIVELY,             )
                                      )

   Defendant               )

Submitted: July 25, 2018
Decided: August 22, 2018

**ORDER**

1. By information, the State charged Defendant Joseph W. Rively with Driving Under the Influence of Alcohol and Driving the Wrong Way on a One Way Road. The Court scheduled trial for September 12, 2017. On the day of trial, Defendant moved to dismiss pursuant to Court of Common Pleas Criminal Rule 16 based on the State's failure to produce the mobile video recording ("MVR") from the arresting officer. The Court dismissed the case, and the State appealed.

2. On appeal, the Superior Court found that defense counsel failed to proffer any reason why Defendant would be prejudiced by the State's failure to produce the MVR and found that this Court did not make an adequate record with regard to the factors the Court considered in determining whether Defendant was prejudiced and what sanction, if any, should be imposed. The Superior Court reversed and remanded "for the prosecution of this case against defendant."

3. Following remand, Defendant requested that the Court hold a hearing so that defense counsel could make a record on the issue of prejudice. In response, the State affirmed that it had provided new copies of all MVR evidence to defense counsel and, therefore, Defendant could not establish prejudice because defense counsel was now in possession of all discoverable evidence in

the case. The Court held a hearing on June 19, 2018, and ordered the parties to brief their positions on the procedural posture of the case and the merits of Defendant's renewed Rule 16 motion.

3. As an initial matter, the State argues that the law of the case doctrine prevents this Court from considering Defendant's renewed Rule 16 motion. "The law of the case doctrine is a self-imposed restriction that prohibits courts from revisiting issues previously decided, with the intent to promote 'efficiency, finality, stability and respect for the judicial system.'"[1] "Under the principles governing the law of the case doctrine, a trial court may make any order or direction in further progress of the case so long as it is not inconsistent with the decision of the appellate court, as to any question not settled by the decision."[2] An appellate court may decide a question either expressly or implicitly.[3]

4. Contrary to the State's argument, the Superior Court did not implicitly consider the factors relevant to a Rule 16 sanction on appeal and determine that Defendant's case should not have been dismissed. Central to the Superior Court's reversal was defense counsel's failure to make a record of "any reason for why the defendant might be prejudiced." The Superior Court did not find expressly or implicitly that defense counsel could not make such a record. Therefore, the Court will consider Defendant's renewed Rule 16 motion on the merits.

5. The Court has broad discretion in determining what sanctions are appropriate under Rule 16 for a discovery violation.[4] In making that determination, "the court should balance the

---

[1] *State v. Wright*, 131 A.3d 310, 321 (Del. 2016) (quoting *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 39 (Del. 2005)).

[2] *Cede*, 884 A.2d at 39 (citing *Ins. Corp. of Am. v. Barker*, 628 A.2d 38, 41 (Del. 1993)).

[3] *Wright*, 131 A.3d at 321 (citing 18B Charles Alan Wright et al., Federal Practice and Procedure § 4478, at 657–58 (2d ed. 2015)).

[4] *Seward v. State*, 723 A.2d 365, 374 (Del. 1999) (citing *DeJesus v. State*, 655 A.2d 1180, 1207 (Del. 1995)).

2

needs of society with the defendant's right to a fair trial,"[5] and the Court should "weigh all relevant factors, such as the reasons for the State's delay and the extent of prejudice to the defendant."[6]

6. Pursuant to Criminal Rule 16(d)(3)(B), a party in receipt of a request for discovery "shall serve a response within ten days after service of the request or at such other time as ordered by the Court." In this case, the State's *entire* discovery response did not comply with Rule 16 because it was served on August 11, 2017, well after Defendant's timely request for discovery.[7] That said, Defendant's original Rule 16 motion concerned only the arresting officer's MVR, which was not produced in the State's August 11, 2017 discovery packet, and was only discovered by defense counsel on the day of trial.

7. At the June 19, 2018 hearing and in their briefing, Defendant and the State fleshed out their positions with regard to the exact timeline of when, if ever, defense counsel or the State knew or should have known prior to the day of trial that the State failed to produce the arresting officer's MVR. In short, the State was in possession of the arresting officer's MVR, but when the State attempted to produce that MVR to defense counsel, an error occurred. The State labeled one of the DVDs delivered to defense counsel with Defendant's name, but the DVD contained an MVR for one of defense counsel's other clients. On this point, both parties maintained differing positions with regard to the discoverability of the State's error and the significance, if any, considering all the other facts and circumstances of this case.

---

[5] *Id.* (quoting *DeJesus*, 655 A.2d at 1207).

[6] *Id.* (quoting *Snowden v. State*, 677 A.2d 33, 39 (Del. 1996)).

[7] *See* Ct. Com. Pl. Crim. R. 16(d)(3)(A) ("The defendant may serve a request under subdivision (a) after the filing of the information . . . ."). Defendant's case was filed on May 15, 2017, and Defendant promptly filed a request for discovery on May 23, 2017. The State filed the Information on June 5, 2017.

3

8. Although the Court has carefully considered the parties' differing arguments on the reason(s) for the State's delay in producing the arresting officer's MVR, it is sufficient to note that there is no evidence of bad faith or gross negligence on the part of the State. Given that the State clearly attempted to produce the arresting officer's MVR, the Court finds that the appropriateness of Defendant's requested sanctions—exclusion of the MVR or dismissal—turns on prejudice.

9. At the hearing, defense counsel made a careful and detailed record regarding the prejudice to Defendant on September 12, 2017, the day previously scheduled for trial, caused by the State's failure to produce the arresting officer's MVR. Among other things, the arresting officer's MVR is the MVR that shows the pre-seizure driving of the vehicle, the officer's initial contact with Defendant, and the DUI field tests performed by Defendant. As of the September 12, 2017 trial date, defense counsel was not prepared to assess this key evidence's impact on the State's case or to address the evidence in the context of trial. Nevertheless, at the hearing, defense counsel freely affirmed that the State promptly provided him with a copy of the arresting officer's MVR the day after the Superior Court remanded Defendant's case to this Court on March 13, 2018.

10. On the issue of the State's production of discovery, the Court notes that there has been a chronic issue concerning the State's lack of compliance with the requirements of Court of Common Pleas Criminal Rule 16, especially as it pertains to the timely production of MVRs in DUI cases. Not all blame for this situation is attributable to the Department of Justice ("DOJ"). In many instances, the police departments are not providing MVRs to the DOJ despite receiving a request for production from a Deputy Attorney General. Nevertheless, the burden is on the State to comply with this Court's Rules, and while the DOJ has recently increased—to noticeable

4

effect—its efforts to comply with Rule 16, this case is a good example of the consequences and delays that follow when the Rules are not complied with.

11. The State and defense are placed on notice that failure to comply with Rule 16 in a timely and reasonable manner will be strictly scrutinized by the Court and sanctions will be imposed when appropriate.

12. Turning to the instant case, the Court notes that since the Court first considered Defendant's Rule 16 motion additional time has passed during which Defendant has suffered under the "cloud of anxiety" experienced by those against whom charges remain outstanding.[8] Nevertheless, at this point, the State has produced the arresting officer's MVR, and defense counsel has adequate time to review this evidence and prepare in advance of trial. Because defense counsel is fully capable of preparing for trial on the merits the Court does not find that exclusion of the MVR or dismissal are appropriate sanctions for the State's untimely production, and therefore, Defendant's Rule 16 motion is **DENIED.**

**IT IS SO ORDERED.**

The Honorable Rosemary Betts Beauregard

---

[8] *Middlebrook v. State*, 802 A.2d 268, 277 (Del. 2002) (quoting *Barker v. Wingo*, 407 U.S. 514, 533 (1972)).

5