IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| INTEAM ASSOCIATES, LLC and LAWRENCE GOODMAN, III, | § § § § | No. 330, 2018 |
| Plaintiff/Counterclaim Defendants-Below, Appellant, | § § § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 11523 |
| HEARTLAND PAYMENT SYSTEMS, LLC, | § § § | |
| Defendant/Counterclaim Plaintiff-Below, Appellee. | § § § § | |

Submitted: December 12, 2018
Decided: December 18, 2018

Before **STRINE**, Chief Justice, **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 18th day of December, 2018, having considered the briefs and oral argument:

(1)     This appeal follows a remand to the Court of Chancery.[1]  In an earlier appeal, we affirmed the Court of Chancery's decision which found that Heartland Payments Systems, LLC breached non-competition obligations with inTEAM

---

[1] *inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 5660282, at *28 (Del. Ch. Sept. 30, 2016), *aff'd in part and rev'd in part*, 171 A.3d 544 (Del. 2017).

Associates, LLC, and Lawrence Goodman III breached non-solicitation obligations with Heartland.  We also affirmed the Court of Chancery's remedies for the breaches—an injunction against Heartland extending the non-compete period, and a judgment against Goodman for some of the fees paid by Heartland under the consulting agreement.[2]  But, we reversed one aspect of the Court of Chancery decision and ruled that inTEAM and Goodman also violated their non-competition obligations.  On remand, we instructed the Court of Chancery to consider a remedy for inTEAM's and Goodman's breaches:

> We remand to the Court of Chancery for further proceedings consistent with this opinion. Because of the passage of time, we leave it to the Court of Chancery to fashion a remedy adequate to compensate Heartland for Goodman's breach of the APA and Consulting Agreement, and inTEAM's breach of the CMA.[3]

We also allowed inTEAM and Goodman to raise affirmative defenses to their violation of non-competition obligations:

> [T]o the extent that inTEAM and Goodman properly raised and briefed affirmative defenses at trial addressed to the alleged violation of the non-compete and the Court of Chancery did not reach them because it found no violation, they are free to reassert them in the course of the Court of Chancery's determination of what relief, if any, to grant for inTEAM's and Goodman's violation of the non-compete.[4]

---

[2] *Heartland Payment Sys., LLC v. Inteam Assocs., LLC*, 171 A.3d 544, 572 (Del. 2017).
[3] *Id.*
[4] *Id.*

(2) On remand the Court of Chancery rejected inTEAM's and Goodman's affirmative defenses "because Heartland lacked knowledge of Goodman's breaching behavior."[5] But, due to what it characterized as the unclean hands of all parties, the court vacated the injunction against Heartland and refused to enter new injunctions against any of the parties. Finally, the court entered judgment against Goodman for breaching his non-competition obligations in an amount representing consulting fees he received from Heartland during the period of competition.

(3) inTEAM and Goodman appeal from the remand order claiming that the Court of Chancery (a) exceeded the scope of the remand by vacating the injunction against Heartland affirmed by this Court and (b) improperly revisited factual findings affirmed by this Court, which led it to deny inTEAM's and Goodman's affirmative defenses.

(4) We agree with inTEAM that the Court of Chancery exceeded the scope of our remand by vacating the injunction against Heartland. In the earlier appeal this Court reversed the Court of Chancery on a limited issue—inTEAM and Goodman's breach of their non-competition obligations. We affirmed all other issues raised in the appeal, including the Court of Chancery's ruling that Heartland breached its non-competition obligations and the injunction entered against Heartland. The remand

---

[5] *inTEAM Assocs., LLC v. Heartland Payment Sys., LLC*, 2018 WL 1560058, at \*5 (Del. Ch. Mar. 29, 2018).

was limited to deciding "what relief, if any, to grant for inTEAM's and Goodman's violation of the non-compete."[6] Those rulings were binding on the Court of Chancery, and not subject to being re-litigated on remand.[7] Thus, the Court of Chancery erred by vacating the injunction against Heartland.

(5) What to do about the Court of Chancery's error is less certain. The injunction expired on March 21, 2018—eight days before the Court of Chancery vacated the injunction on March 29, 2018. Thus, reinstating the injunction would be unnecessary except for one intervening event—inTEAM's rule to show cause why Heartland should not be sanctioned for violating the injunction when it was in place.[8] The Court of Chancery did not decide the motion because it vacated the injunction. Thus, we reinstate the injunction for the period it was operative, and unfortunately remand again to the Court of Chancery to decide the rule to show

---

[6] *Heartland*, 171 A.3d at 572.

[7] *See Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 38 (Del. 2005) ("Although the trial court on remand is not constrained by the mandate as to issues not addressed on appeal, the trial court is required to comply with the appellate court's determinations as to all issues expressly or implicitly disposed of in its decision."); *see also Ins. Corp. of Am. v. Barker*, 628 A.2d 38, 40 (Del. 1993) ("findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court").

[8] The Court of Chancery denied inTEAM's first rule to show cause claiming Heartland violated the injunction during the time it was in place because of insufficient evidence of a violation. App. to Opening Br. at A2986 (Tr. of Ruling on Protective Order and Motion for a Rule to Show Cause).

4

cause, and if a violation is found, impose an appropriate remedy such as extending the injunction.[9]

(6)     Goodman also claims that the Court of Chancery should not have revisited its earlier finding that inTEAM and Goodman were "transparent" about their competitive activities.[10]  According to Goodman, the Court of Chancery erred when it reversed course on remand and found that his affirmative defenses "fail because Heartland lacked knowledge of Goodman's breaching behavior."[11]

(7)     We affirm the Court of Chancery's decision rejecting Goodman's affirmative defenses.  As the Court of Chancery recognized, our decision is fairly read "as a reversal of both the conclusion that Goodman did not breach the non-compete *and* the finding that Heartland had knowledge of Goodman's and inTEAM's actions."[12]  We noted inTEAM's lack of transparency in our earlier decision.[13]  inTEAM and Goodman assured Heartland that they were not developing competitive software.[14]  Thus, the Court of Chancery correctly revisited its

---

[9] Because we decide this issue on the scope of the mandate, we do not reach whether it was equitable for the Court of Chancery to invoke unclean hands against both parties when doing so would lead to an inequitable result.

[10] *inTEAM Assocs.*, 2016 WL 5660282, at *23.

[11] *inTEAM Assocs.*, 2018 WL 1560058 at *5.

[12] *Id.*

[13]  171 A.3d at 568 n.90.

[14] *See* App. to Opening Br. at A1543 (Email from Eric Ramp to Terry Roberts) ("We are not building full nutrient analysis software like what you have in the POS.  But I think I stated it would be a State-only product.  States [*sic*] are our target, but there's a chance we would want to sell it to districts, but only for the purposes of submitting menus for certification and as an add-on to DST"); *Id.* at A1321 (Tr. of Terry Robert's Trial Testimony) (Terry Roberts explained his

"transparent" finding, and held that Goodman's affirmative defenses failed because "Heartland lacked knowledge of Goodman's breaching behavior."[15]

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Court of Chancery is AFFIRMED in part and REVERSED in part. The Court of Chancery shall reinstate the injunction against Heartland, and is directed to resolve inTEAM's rule to show cause motion even though the injunction has expired. If the court finds a violation, it should consider a remedy such as extending the injunction to account for Heartland's violation. Otherwise, the judgment of the Court of Chancery is affirmed.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

interpretation of a meeting downplaying inTEAM's software); App. to Answering Br. at B49 (Email from Janet Luc Griffin to Lori Beckwith) ("we can't be straight up and say menu planning because that would be invading WebSMARTT territory!").

[15] Goodman also asserted a statute of limitations defense but waived the defense by failing to raise the issue in his answering/opening brief on remand. App. to Opening Br. at A3414 (inTEAM and Goodman's Answering Brief on Remand) ("Heartland's counterclaims do not survive simply because they were filed before the applicable statute of limitations expired"). inTEAM and Goodman did argue that the claim was time barred in their sur-reply brief, but an issue must be presented in the opening brief to be preserved. *See Proctor v. Sullivan*, 788 A.2d 132, 2001 WL 1287031, at *1 (Del. 2001) (TABLE) ("Proctor's contention . . . was asserted for the first time in his reply brief and, therefore, has been waived."); *see also* Supr. Ct. R. 14(b) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived."). Goodman appears to argue that because they made a laches argument, they did not need to make a statute of limitations argument to preserve the issue. Reply Br. at 22-23. These are, however, distinct defenses under equity and law and thus inTEAM and Goodman did not fairly raise a statute of limitations defense.