SUPERIOR COURT
OF THE
STATE OF DELAWARE

ERIC M. DAVIS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0960

April 8, 2024

**File&ServeXpress**

Christopher Viceconte, Esquire
Gibbons P.C.
300 Delaware Avenue
Suite 1015
Wilmington, Delaware 19801

William M. Lafferty, Esquire
Morris Nichols Arsht & Tunnell LLP
Wilmington, Delaware 19801

**Re:     Ashland LLC, et al. v. The Samuel J. Heyman 1981 Continuing Trust for Lazarus S. Heyman, et al., C.A. No. N15C-10-176 EMD CCLD**

Dear Counsel:

This Letter Decision addresses: (i) Defendants/Counterclaim Plaintiffs' Motion for Judgment in Light of the Supreme Court's Decision and (ii) Plaintiffs' Cross-Motion for Summary Judgment on Count I and V.[1]  The Court sets out the factual record of this civil action in a number of its opinions.  Because there are no material changes in the factual record, the Court incorporates by reference the facts sections of those opinions for this decision.[2]  After review of the cross-motions, the arguments of counsel at the hearing on the cross-motions and review of additional submissions requested by the Court, the Court **GRANTS** in part and **DENIES** in part the Heyman Parties' motion and **DENIES** Ashland's motion.

On September 12, 2022,[3] the Supreme Court reversed and remanded this Court's February 25, 2020 Opinion.[4]  The Heyman Parties filed a motion for judgment in light of the Supreme Court's Decision.  Ashland opposed and moved for partial summary judgment.  The Court held a hearing on the motions on December 1, 2023.  On February 19, 2024, the Court requested supplemental submissions to clarify whether, excluding the Administrative Consent Order ("ACO"), Ashland has incurred any monetary costs/expenses in connection with the

---

[1] Plaintiffs collectively will be called "Ashland," and Defendants/Counterclaim Plaintiffs, the "Heyman Parties."
[2] *See, e.g., Ashland LLC v. The Samuel J. Heyman 1981 Continuing Tr. for Heyman*, 2020 WL 1231100, at **1-10 (Del. Super. Ct. Feb. 25, 2020), *rev'd and remanded sub nom. Samuel J. Heyman 1981 Continuing Tr. for Lazarus S. Heyman v. Ashland LLC*, 284 A.3d 714 (Del. 2022).
[3] *Samuel J. Heyman 1981 Continuing Tr. for Lazarus S. Heyman v. Ashland LLC*, 284 A.3d 714, 716 (Del. 2022).
[4] *Ashland LLC*, 2020 WL 1231100, at *13.

Linden Transfer due to liability under the Industrial Site Recovery Act ("ISRA") or the Spill Compensation and Control Act (the "Spill Act").

The main dispute of the cross-motions centers on part of SPA Section 2(f) to Schedule 5.19. The relevant portion of SPA Section 2(f) reads as follows:

> In connection with the Linden Transfer, the Seller Parties shall be responsible, at their sole cost and expense, for compliance, if applicable, with any requirements of the Industrial Site Recovery Act ("ISRA") and, if ISRA applies to the Linden Transfer, Seller Parties shall (i) within five (5) Business Days after execution of this Agreement, make any required filings or notifications (such as a General Information Notice, as defined under ISRA) to the New Jersey Department of Environmental Protection ("NJDEP"), and (ii) use reasonable best efforts to, prior to closing, make all other filings, undertake all other measures, including where required undertaking any site investigation or Remedial Action required by ISRA.[5]

Ashland argues that the Supreme Court did not resolve whether the first sentence of SPA Section 2(f) modifies the allocation of liabilities in SPA Section 2(e). Further, it contends that there is no genuine issue of material fact that the first sentence of SPA Section 2(f) mandates that the Heyman Parties undertake pre-closing off-site remediation of the Linden Property. The Court agrees with Ashland that the Supreme Court did not directly interpret the first sentence of SPA Section 2(f).

On remand, "the trial court must proceed in accordance with the mandate and the law of the case as established on appeal."[6] While the mandate does not control a trial court as to matters not addressed on appeal, the trial court is bound to strictly comply with the appellate court's determination of any issues expressly or impliedly disposed of in its decision.[7] The trial court must take into "account the appellate court's opinion and the circumstances it embraces" and is required to "implement both the letter and the spirit of the mandate."[8]

"Delaware law adheres to the objective theory of contracts, *i.e.*, a contract's construction should be that which would be understood by an objective, reasonable third party."[9] The contract will be read as a whole, and each provision and term will be given effect.[10] Delaware courts "look to harmonize the entire agreement and remain consistent with the objective intent of the parties that drafted the contract."[11] When the contract is clear and unambiguous, the Court will give effect to the plain meaning of the contract's terms and provisions.[12]

The Supreme Court did not directly interpret the scope of the first sentence of SPA Section 2(f). The Supreme Court wrote that "the scope of compliance with the ISRA imposed on

---

[5] Heyman Defs.' Mot. App. at HA3069 (D.I. No. 978); Ashland Mot. Transmittal Aff. Ex. 5, at 14 (D.I. No. 982).
[6] *Ins. Corp. of Am. v. Barker*, 628 A.2d 38, 40 (Del. 1993) (citation omitted).
[7] *Id*. (citing *Piambino v. Bailey,* 757 F.2d 1112, 1119 (11th Cir.1985) (citations omitted)).
[8] *Id.* (citing *Bankers Trust Co. v. Bethlehem Steel Corp.,* 3rd Cir., 761 F.2d 943, 949 (1985) (citations omitted)).
[9] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010).
[10] *Kuhn Construction, Inc. v. Diamond State Port Corp.,* 2010 WL 779992, at *2 (Del. 2010).
[11] *Land–Lock, LLC v. Paradise Prop., LLC*, 2008 WL 5344062, at *3 (Del. Super. Dec. 23, 2008).
[12] *Osborn ex rel. Osborn*, 991 A.2d at 1159-60.

the Heyman Parties by Section 2(f), including whether it imposes any post-closing obligations at all, are undeveloped in the record."[13]  In addition, it wrote that the first sentence of SPA Section 2(f) is "of no help in ascertaining the meaning of the second sentence."[14]  The rest of its discussion then related to the obligations under the ACO."[15]

The plain language of SPA Section 2(f) will control.  Here, the Heyman Parties agreed to be responsible for "…any requirements of the [ISRA]" and to take certain steps if ISRA applies to the Linden Transfer.  This portion of SPA Section 2(f) does not reference the Linden Excluded Liabilities which is made clear by the introductory clause of the next sentence in SPA Section 2(f) which makes that sentence an additional contractual obligation.

The Court notes significant problems with Ashland's claim under the first portion of SPA Section 2(f).  First, the Court finds that Ashland has failed to identify any damages arising under ISRA or the Spill Act.  Ashland states that it has incurred $4,026,305.57 in remedial costs.  But these costs arise under the ACO.  While remedial costs may be recoverable under ISRA and the Spill Act, Ashland does not dispute that the New Jersey Department of Environmental Protection ("NJDEP") has enforced the remedial obligations through the ACO—not ISRA or the Spill Act.  Therefore, the liability for any remedial costs arises under the ACO, and the appropriate mechanism to determine the allocation of liability is through Section 2(e) to Schedule 5.19 of the SPA.  As held by the Supreme Court in its September 12, 2022 Decision, off-site liabilities under the ACO fall on Ashland.[16]  Accordingly, because this liability arises under the ACO and the parties have identified no damages that derive from ISRA or the Spill Act, Ashland's ISRA and Spill Act claims are not ripe for resolution and will be dismissed.  Second, even if liability were to arise under ISRA or the Spill Act, Ashland identifies no indemnification right to enforce against the Heyman Parties pursuant to the SPA's exclusive remedies provision, SPA Section 7.9.  Without an indemnification right, Ashland has no remedy against the Heyman Parties over any remedial costs that may arise under ISRA or the Spill Act at some point in the future.

For these reasons, the Court will deny Ashland's claims as to SPA Section 2(f) and the Spill Act.

The Court will also dismiss Ashland's implied covenant of good faith and fair dealing claim, because it is predicated on the existence of liability under ISRA or the Spill Act.  In addition, because the SPA is applicable to the parties' allocation of liabilities, the Court will dismiss Ashland's unjust enrichment claim.

Although the Court has already expressed skepticism on Ashland's fraud claim based on the sophistication of the parties and SPA's negotiation history, that claim survives because genuine issues of material fact exist as to whether the Heyman Parties made false representations that Ashland justifiably relied upon.

---

[13] *Samuel J. Heyman 1981 Continuing Tr. for Lazarus S. Heyman,* 284 A.3d at 722.
[14] *Id.*
[15] *Id.*
[16] *Id.* at 722, 724.

3

For the reasons set forth above, the Court **GRANTS** in part and **DENIES** in part the Heyman Parties' motion and **DENIES** Ashland's motion. The Court asks the parties to prepare an order to implement this decision. The parties shall also confer on a scheduling order to bring the remaining issues to trial.

Respectfully,

*/s/ Eric M. Davis*
Eric M. Davis, Judge

EMD/li

cc:    File&ServeXpress